**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

C AND R MAINTENANCE,
INC.,
       Plaintiff,             CIVIL ACTION NO. 07-CV-14378-DT

  vs.

                              DISTRICT JUDGE NANCY G. EDMUNDS

CITY OF WARREN, et al.,     MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE THE
DEPOSITION OF MARK A. STEENBERGH**

This matter comes before the Court on Defendants' Motion to Strike the Deposition of Mark A. Steenbergh filed on June 9, 2008. (Docket no. 25). Plaintiff has responded. (Docket no. 30). The Court heard oral argument on the motion on July 14, 2008. This matter has been referred to the undersigned for decision. (Docket no. 26). Defendants' motion is now ready for ruling.

Defendants move pursuant to Fed. R. Civ. P. 30(d)(2) for this Court to strike Mr. Steenbergh's deposition in its entirety in addition to awarding costs and attorney fees incurred by Defendants in filing this motion. (Docket no. 25 at 3). Rule 30 generally pertains to depositions and subsection (d)(2) allows the court to impose sanctions, including expenses and attorney's fees incurred by a party, on a person "who impedes, delays, or frustrates the fair examination of the deponent."

Defendants contend that at a pretrial conference on April 2, 2008 defense counsel indicated to Plaintiff's counsel that Mr. Steenbergh "might not" be available to attend his deposition which

was scheduled for the next day and for which Mr. Steenbergh had been subpoenaed. (Docket no. 25 at 2). Defendants also contend that defense counsel indicated to Plaintiff's counsel that defense counsel had experienced a death in his family and likewise would be unable to attend the deposition. (*Id*.). According to Defendants, Plaintiff's counsel indicated to defense counsel that the deposition would be adjourned. (*Id*.). On April 3, 2008 Mr. Steenbergh and Plaintiff's counsel appeared for the deposition, but Defendants' counsel did not appear. Plaintiff's counsel waited about 15 minutes and then proceeded with Mr. Steenbergh's deposition. Defendants contend that by going forward with the deposition without defense counsel's presence, Plaintiff's counsel impeded and frustrated the fair examination of Mr. Steenbergh and Defendants' ability to appropriately appear and preserve the record. (*Id*. at 2-3).

Plaintiff's counsel admits that both he and defense counsel were present at the April 2 pretrial conference. (Docket no. 30 at 2). However, Plaintiff's counsel states that there "was no mention of death in counsel's family at any time up to the filing of this motion." (*Id*.). In addition, Plaintiff's counsel contends that defense counsel did not indicate that he had a scheduling conflict with the April 3 date and never asked to change the date. (*Id*.). Plaintiff's counsel denies that he ever agreed to adjourn the deposition. (*Id*. at 3).

During the July 14, 2008 hearing the Court inquired of defense counsel whether he ever submitted a request for adjournment of the deposition to Plaintiff's counsel. Defense counsel stated that he did not ask for an adjournment.

Under these circumstances, Defendants have failed to show that Plaintiff's counsel violated Fed. R. Civ. P. 30 by impeding, delaying, or frustrating the fair examination of Mr. Steenbergh. There is no dispute that Mr. Steenbergh was subpoenaed for and timely appeared for his deposition.

Counsel disagree on their exchanges during the April 2, 2008 pretrial hearing. No affidavits have been submitted regarding counsels' conversation at the pretrial hearing. Defense counsel never requested an adjournment of the scheduled deposition. Plaintiff's counsel and Mr. Steenbergh appeared for the deposition and, according to Plaintiff's counsel, Mr. Steenbergh wanted to go forward with his deposition promptly. Defendants have failed to show that Plaintiff's counsel impeded, delayed, or frustrated the fair examination of Mr. Steenbergh. The Court also notes that Plaintiff's counsel has no opposition to Mr. Steenbergh being deposed again by defense counsel to allow cross-examination.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike the Deposition of Mark A. Steenbergh (docket no. 25) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 17, 2008            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 17, 2008            s/ Lisa C. Bartlett
                                Courtroom Deputy